[PHILADELPHIA, APRIL 29th, 1837.]

## NEVINS *against* MERRIE.

1. To entitle a plaintiff to hold a defendant to bail under the 4th section of the act of 13th June, 1836, the cause of action must be positively sworn to; though the amount in which the defendant is indebted, or the value of the property taken or detained, or the damages sustained, may be set forth to the best of the defendant's knowledge and belief.

2. An affidavit setting forth that to the best of the plaintiff's knowledge and belief, the defendant is justly and truly indebted to him in the sum of $1600 and upwards, in damages for breach of contract, being the difference between the price of 100 shares of the stock of a certain bank, sold by the plaintiff to the defendant, through the agency of J. S. on a certain day, and the value of the said stock on a certain subsequent day, when the defendant contracted to pay for the same, and refused to ratify his contract, &c., was held to be sufficient.

A RULE having been obtained in this case, to show cause why the defendant should not be discharged on common bail, Mr. *Chester* for the plaintiff, produced the following affidavit, which had been filed previously to the issuing of the writ.

" James Nevins,               )  Supreme Court,
        *v.*                    }
Robert Merrie, jr.             )  July Term, 1837.

James Nevins, the plaintiff above named, being duly sworn according to law saith, that to the best of his knowledge and belief, Robert Merrie, jr., the defendant above named, is justly and truly indebted to this deponent, in the sum of sixteen hundred dollars, and upwards, lawful money of the United States, in damages for breach of contract, being the difference between the price of one hundred shares of the capital stock of the Commercial and Rail-road Bank of Vicksburg, sold by the plaintiff to the defendant, through the agency of John W. Telford, on the twenty-eighth day of January, 1837, and the value of the same stock on the twenty-ninth day of March ,1837, when the defendant contracted to pay for the same, and refused to ratify his contract; and deponent saith that said defendant is not, to the best of his knowledge and belief, an inhabitant of this commonwealth; and that he is about to quit the same, without leaving sufficient real or personal estate therein to satisfy deponent's claim.                    JAMES NEVINS."

Sworn and subscribed," &c.

(Nevins *v.* Merrie.)

Mr. *Meredith* for the defendant, contended that the affidavit was not sufficient. The act of 13th June, 1826, was intended to reduce the liabilities to arrest, as appears from the report of the commissioners. Under the rules of court and practice previous to the act, a *positive* affidavit of an actually subsisting debt was required. Here the plaintiff swears only to the best of his knowledge and belief.

Mr. *Chester* relied on the 4th section of the act of 1836.

The opinion of the Court was delivered by

SERGEANT, J.—It does not seem to have been the intention of the legislature by the first clause of the 4th section of the act of 13th June, 1836, to change the present rules as to the mode in which the plaintiff must state his cause of action, in his affidavit to hold to bail. The amount in which the defendant is indebted, or the value of the property taken or detained, or the damages sustained, may be set forth to the best of the deponent's knowledge and belief: but the cause of action must be positively sworn to, or sufficient facts and circumstances must be set forth to warrant the inference that there exists a good cause of action. To permit a plaintiff in every case to arrest upon an affidavit of a cause of action, to the best of his knowledge and belief, might lead to oppression: and no plaintiff can be considered entitled to demand bail for a cause of action which he can neither positively swear to, nor allege sufficient facts and circumstances in the affidavit, to satisfy the court or a judge of its existence.

Taking this to be the construction of the recent act on this point, the question is whether the cause of action in this affidavit, as distinguished from the amount demanded, is positive; and we are of opinion that the allegations that the hundred shares were sold by the plaintiff to the defendant, that the defendant contracted to pay for the same, and refused to ratify his contract, are positively asserted, though the language is not quite so explicit as it might have been, and has occasioned considerable difficulty in coming to this conclusion.

Rule discharged.